# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Francisco J. PACHECO
### Machinery Technician First Class (E-6), U.S. Coast Guard

**CGCMSP 24962**
**Docket No. 1460**

**06 May 2019**

| | |
|---|---|
| Military Judge: | LCDR Brendan T. Gavin, USCG |
| Appellate Defense Counsel: | LT Salomee G. Briggs, USCG |
| Appellate Government Counsel: | LT Connor B. Simpson, USCG |
| | LCDR Stephen Miros, USCG |

## BEFORE
## McCLELLAND, JUDGE & BRUBAKER
### Appellate Military Judges

BRUBAKER, Judge:

A military judge sitting as a special court-martial convicted Appellant, contrary to his pleas, of a single specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to reduction to pay grade E-1, confinement for forty-five days, and a bad-conduct discharge, which the convening authority approved.

Appellant asserts three errors: (1) the convening authority's improper selection of potential court-martial members coerced Appellant into electing trial by military judge;[1] (2) the

---

[1] We have considered but reject this assignment of error raised personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant offers no evidence in support of his contentions. We conclude that selection of members on an impermissible basis is not raised by the evidence, *see United States v. Riesbeck*, 77 M.J. 154, 159 (C.A.A.F. 2018), and that Appellant's election for trial by military judge was knowing, conscious, and voluntary.

evidence is legally and factually insufficient to support his conviction; and (3) his sentence is inappropriately severe.[2]  We disagree and affirm.

## Background

Gunner's Mate Third Class (GM3) J.D. was at a bar during a port call in Kodiak, Alaska, dancing with a friend when she felt a hand reach into the back of her pants and touch her buttocks skin-to-skin.  She momentarily froze, but then turned to see Appellant immediately behind her, looking at her and smiling.  She looked at him and said words to the effect of, "If you ever touch me again, I'll f---in' knock your teeth out." (R.1AUG at 99.)  She then walked back to her seat, turned around, and saw Appellant also turning toward her, still smiling at her.  One of GM3 J.D.'s shipmates asked her what that was all about; she responded that Appellant had "just stuck his hands down the back of my pants and I need to go." (*Id.* at 100.)

## Sufficiency of the Evidence

Appellant asserts that the evidence is legally and factually insufficient to support his conviction for abusive sexual contact.  We review the sufficiency of evidence *de novo*.  Article 66(c), UCMJ; *United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F. 2002).

Evidence is legally sufficient if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) (internal quotation marks and citations omitted).  This is a low threshold. *Id.*  The phrase "beyond a reasonable doubt" does not "mean that the evidence must be free from any conflict or that the trier of fact may not draw reasonable inferences from the evidence presented." *Id*. at 221. Instead, we must draw "'every reasonable inference from the evidence of record in favor of the prosecution.'" *Id.* (quoting *United States v. Robinson*, 77 M.J. 294, 298 (C.A.A.F. 2018)).

Factual sufficiency, on the other hand, requires that we, after weighing the evidence and making allowances for not having personally observed the witnesses, are ourselves convinced of

---

[2] Raised personally pursuant to *Grostefon*, 12 M.J. 431.

Appellant's guilt beyond a reasonable doubt. *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017).

To sustain Appellant's abusive sexual contact conviction, there must be legally and factually sufficient evidence that: (1) Appellant committed sexual contact upon GM3 J.D. by directly touching her buttocks; (2) Appellant did so by causing bodily harm to GM3 J.D., to wit: directly touching her buttocks; (3) Appellant did so with an intent to arouse or gratify his own sexual desire; and (4) Appellant did so without GM3 J.D.'s consent. Article 120(d), UCMJ.

We conclude that Appellant's conviction is supported by legally and factually sufficient evidence. First, GM3 J.D.'s testimony supports each element. She testified that unexpectedly and without her consent, she felt a hand go inside the back of her pants and undergarments, down her bare buttocks, and touch the "inside of [her] butt cheek, towards the middle and down." (R.1AUG at 95.) The nature of this contact supports that it was a grope intended to satisfy sexual desire as opposed to an innocent or inadvertent barroom touch. She also testified that she had no doubt in her mind that it was Appellant who had groped her because she quickly turned and saw Appellant immediately behind her, who was looking at her and smiling, and no one else was between the two of them.

Appellant argues that GM3 J.D. is not credible, but we disagree. At trial, the Defense presented evidence that she made inconsistent statements about details involved, such as the amount of alcohol she had consumed, whether Appellant's grope lifted her up, and whether the base of her vagina was touched in the course of the groping. But about her basic contention—that Appellant placed his hand down the back of her pants and undergarments and touched her buttocks—she remained consistent, including an almost-contemporaneous statement to others in the bar. She had no apparent motive to fabricate the allegation against Appellant and, in fact, was a reluctant complaining witness who only cooperated with authorities once a coworker reported the incident.

Second, the bar provided surveillance video that tends to corroborate GM3 J.D.'s testimony. The video has its limitations. Due to the placement of the camera and obstacles in

the way—including Appellant's back being to the camera—the actual assault is not visible. It contains no audio. Still, it dovetails with GM3 J.D.'s description of events to law enforcement before she viewed the video, thus lending her description credence. It also shows the moment when GM3 J.D., while dancing with a friend, backs up to where she is immediately in front of Appellant, momentarily freezes and straightens up, then turns and says something sternly to Appellant as she returns to her seat. All told, we find the video far more inculpatory of Appellant's guilt than exculpatory.

We also disagree with Appellant that it would have been physically impossible for him to reach inside of GM3 J.D.'s clothing, touch her bare buttocks with his hand, then remove it in the time span depicted in the video and without more movement that would have been visible in the video. GM3 J.D. was wearing jeans that were oversized so she could wear thermal underwear underneath. The jeans tended to ride down low over her hips and the band on her thermal underwear had lost some of its elasticity. She was wearing a jacket that tended to ride up, exposing a portion of her midriff. We do not find it impossible that Appellant could see down the back of GM3 J.D.'s pants as she backed close to him and slipped his hand in and out of her clothing with minimal time and upper torso movement.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found all the elements beyond a reasonable doubt. After weighing the evidence and making allowances for not having personally observed the witnesses, we too are convinced beyond a reasonable doubt. We thus conclude that the evidence is legally and factually sufficient.

### Sentence Appropriateness

Appellant asserts that his sentence to reduction to pay grade E-1, confinement for forty-five days, and a bad-conduct discharge is inappropriately severe. We disagree.

We review sentence appropriateness *de novo*. Article 66(c), UCMJ; *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990). Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United*

*States v. Healy,* 26 M.J. 394, 395 (C.M.A. 1988). This requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and character of the offender." *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (internal quotation marks and citations omitted). Courts of Criminal Appeals enjoy broad discretion in determining whether a particular sentence is appropriate but are not authorized to grant what amounts to clemency. *Healy,* 26 M.J. at 396.

At least to Appellant, his act may have been a drunken sliver of time in the context of a reasonably long and successful Coast Guard career. But his offense was a serious one. To his junior shipmate, his assault was a grave violation of her bodily sovereignty with a deep and lasting impact. Having considered the entire record, we conclude that Appellant's approved sentence is appropriate for this offender and his offense.

## Decision

We determine that the findings and sentence are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings and the sentence, as approved below, are affirmed.

Chief Judge McCLELLAND and Judge JUDGE concur.

For the Court,



Sarah P. Valdes<br>Clerk of the Court