*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**UNITED STATES**
Appellee

**v.**

**Mark J. ROSARIO, Sergeant**
U.S. Marine Corps, Appellant

**No. 16-0424**
Crim. App. No. 201500251

Argued December 6, 2016—Decided February 22, 2017

Military Judge: Michael D. Libretto

For Appellant: *Lieutenant Doug Ottenwess*, JAGC, USN (argued).

For Appellee: *Lieutenant Robert J. Miller*, JAGC, USN (argued); *Captain Matthew M. Harris,* USMC, and *Brian K. Keller*, Esq. (on brief); *Colonel Valerie C. Danyluk,* USMC, *Major Suzanne Dempsey,* USMC, and *Lieutenant James M. Belforti,* JAGC, USN.

Judge SPARKS delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges STUCKY, RYAN, and OHLSON, joined.

———————

Judge SPARKS delivered the opinion of the Court.

Contrary to his pleas, Appellant was convicted by a special court-martial with members of one specification of violating a general order (Marine Corps Order 1000.9A) by sexually harassing Lance Corporal (LCpl) B.A. on divers occasions, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (2012).[1] The members

---

[1] Marine Corps Order 1000.9A defines sexual harassment as:

(1) [A] form of discrimination that involves unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:

(a) Submission to such conduct is made either explicitly or implicitly a term or condition of a person's job, pay, or career, or

acquitted Appellant of two specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2012), and one specification of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2012). Appellant was sentenced to a bad-conduct discharge and reduction to grade E-1. The sentence was approved and the United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence. Appellant filed a petition with this Court and we granted review on the following issue:

> Whether the lower court erred in conducting its Article 66(c), UCMJ, review by finding as fact allegations that supported charges of which Appellant was acquitted to affirm the findings and sentence.

We conclude that, in accordance with Article 66(c), UCMJ, the lower court properly considered evidence relevant to the specification of which Appellant was convicted in conducting its factual sufficiency review. We therefore affirm the decision of the Navy-Marine Corps Court of Criminal Appeals.

## Background

Appellant served as platoon sergeant for LCpl B.A. beginning in September 2013. Over the following months, LCpl B.A. alleged that Appellant made numerous inappropriate workplace comments to her including, "te quiero" (Spanish for "I want you"), "you're too pretty to be a Marine," and "I really missed your face . . . I missed you, having you around." LCpl B.A. responded by expressing her disapproval of these comments and attempting to turn conversation to more professional matters. When LCpl B.A. returned from taking Thanksgiving leave to visit her husband, Appellant asked her how many times she and her husband had sex,

---

> (b) Submission to or rejection of such conduct by a person is used as a basis for career or employment decisions affecting that person, or

> (c) Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creates an intimidating, hostile, offensive working environment . . . .

Dep't of the Navy, Commandant of the Marine Corps, Marine Corps Order 1000.9A, Sexual Harassment para. 4.c.(1) (May 30, 2006).

and he later joked that he was going to keep the spare key her houseguest had left with him "for when [he was going to] come over."

LCpl B.A. also testified at trial regarding nonverbal advances, including Appellant placing his hand over hers and kissing her cheek while they worked on a refrigeration unit and on another occasion placing his hand on her neck and sticking his tongue in her ear. When LCpl B.A. confronted Appellant about his behavior after the second physical incident, in January, 2014, he told her that he had feelings for her and that "people do this all of the time in the Marine Corps." At trial, the Government characterized Appellant's behavior towards LCpl B.A. as progressing from inappropriate comments to physical contact. The military judge defined sexual harassment to the members as "a form of discrimination that involves unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature."

Appellant was convicted of one specification of sexual harassment, occurring on divers occasions. The members acquitted Appellant of two incidents of abusive sexual contact, based on Appellant's touching LCpl B.A.'s cheek with his mouth and touching her ear with his tongue; and acquitted him of one specification of assault consummated by battery based on Appellant's touching LCpl B.A.'s hand with his own.

Appellant raised several assignments of error before the Navy-Marine Corps Court of Criminal Appeals including unconstitutional vagueness of the Marine Corps's sexual harassment policy and a challenge to the legal and factual sufficiency of his convictions. *United States v. Rosario*, No. NMCCA 201500251, 2016 CCA LEXIS 32, at *1, 2015 WL 9942096, at *1 (N-M. Ct. Crim. App. Feb. 27, 2015). Appellant argued that, in reviewing the legal and factual sufficiency, the lower court could not consider evidence of physical contact because the court members had acquitted him of the physical contact offenses. 2016 CCA LEXIS 32, at *4-5, 2015 WL 9942096, at *2-3. In the section of its opinion containing the background facts of the case, the lower court included the nonverbal advances that formed the basis for the abusive sexual contact and assault consummated by battery charges. 2016 CCA LEXIS 32, at *3, 2015 WL 9942096, at *1. Then, in rejecting Appellant's vagueness challenge, the lower court stated that "when the same evidence is offered

in support of two separately charged offenses, as the physical encounters were here," the court was entitled to consider the facts that formed both the basis for the abusive sexual contact and assault consummated by battery charges and the sexual harassment charge. 2016 CCA LEXIS 32, at *6, 2015 WL 9942096, at *2. In making its legal and factual sufficiency determination, the lower court stated:

> LCpl B.A.'s testimony that the appellant made unwanted sexual advances—touching her hand and kissing her cheek during the October 2013 incident, touching her neck and sticking his tongue in her ear during the January 2014 incident, and making numerous comments about his attraction to and desire for her throughout the course of several months—also clearly conveyed that she felt harassed.

2016 CCA LEXIS 32, at *8-9, 2015 WL 9942096, at *3.

## Discussion

The question presented is whether the lower court erred by considering the factual allegations supporting the offenses of which Appellant was acquitted to affirm the finding of guilt on the Article 92, UCMJ, offense. Article 66, UCMJ, sets out the role and responsibilities of the Courts of Criminal Appeals. It states in relevant part that:

> (c) In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

Article 66, UCMJ. In essence, in contrast to most civilian appellate courts, the Courts of Criminal Appeals have a statutory mandate to "conduct a de novo review of both the legal *and* factual sufficiency of a conviction." *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003). "The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime be-

yond a reasonable doubt." *United States v. Gutierrez*, 73 M.J. 172, 175 (C.A.A.F. 2014) (quoting *United States v. Bennitt*, 72 M.J. 266, 268 (C.A.A.F. 2013)). The appellate question for this legal sufficiency test is whether "a reasonable factfinder reading the evidence one way could have found all the elements of the offense beyond a reasonable doubt." *Id.* (quoting *United States v. Oliver*, 70 M.J. 64, 68 (C.A.A.F. 2011)). The test for a factual sufficiency review by the lower courts is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, *the members of the service court are themselves convinced of appellant's guilt beyond a reasonable doubt." Oliver*, 70 M.J. at 68.

This Court has held that a military court of criminal appeals, in the course of its review process, cannot find as fact any allegations of which the accused was found not guilty at trial. "The CCA . . . cannot find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty." *United States v. Bennitt*, 74 M.J. at 129 (quoting *Walters*, 58 M.J. at 395); *see also United States v. Smith*, 39 M.J. 448, 451-52 (C.M.A. 1994) (overruled on other grounds).

However, in *United States v. Gutierrez*, this Court determined that the members are permitted to independently consider evidence supporting a charge of which an appellant is acquitted while deliberating on other charges. 73 M.J. at 176. In *Gutierrez*, this Court concluded that the members could consider evidence contributing to a rape charge of which the accused was acquitted in convicting him of stalking, given that the events surrounding the alleged rape were also part of a course of conduct that contributed to the stalking charge. *Id.* Similarly, a reviewing court may consider facts underlying an acquitted charge in considering whether the facts support a separate charge.

Based on the above case law, we hold as follows: When the same evidence is offered at trial to support two different offenses, a Court of Criminal Appeals is not necessarily precluded from considering the evidence that was introduced in support of the charge for which the appellant was acquitted when conducting its Article 66(c), UCMJ, legal and factual sufficiency review of the charge for which the appellant was convicted. Defendants are generally acquitted of offenses, not of specific facts, and thus to the extent facts

form the basis for other offenses, they remain permissible for appellate review.

In this case, the lower court cited *Dunn v. United States*, 284 U.S. 390 (1932), and *United States v. Jackson*, 7 C.M.A. 67, 21 C.M.R. 193 (1956), in support of its conclusion that the evidence supporting the abusive sexual contact and assault and battery charges could also be considered in assessing the sexual harassment charge. Both these cases involve inconsistent verdicts. Though we agree with the lower court's conclusion that the facts supporting the acquitted offenses can be considered, we do not see this as an inconsistent verdicts case. The evidence supports no obvious inconsistency in Appellant's conviction of sexual harassment and his acquittal of the more serious offenses of abusive sexual contact and assault consummated by a battery. Though there may have been overlap in the facts the members considered, the elements were different and we have no indication to what extent – if at all – the members factored the sexual contact that formed the basis for the acquitted charges into convicting Appellant of sexual harassment. The fact pattern here does not present the clear inconsistency raised in a case like *United States v. Powell*, where the accused was acquitted on charges of conspiracy to possess and possession of cocaine, but convicted of using a telephone to facilitate those offenses. 469 U.S. 57, 61, (1984).

Appellant cites *United States v. Smith* as support for his challenge to the lower court's fact-finding ability. In *Smith*, the military judge excepted specific language in returning his finding of guilty, and the lower court subsequently relied upon that excepted language to affirm the findings. 39 M.J. at 449. This Court concluded that the lower court erroneously made findings of fact which were in direct conflict with the specific factual allegations excepted by the military judge. *Id.* The "direct conflict" language in *Smith* provides a useful dividing line between what the lower court is entitled to consider and what it should not. In the present case, unlike in *Smith*, the lower court did not consider any allegations explicitly excepted by the trier of fact so there is no direct conflict.

Appellant also argues that the lower court's findings violate the double jeopardy clause because, given their unique fact-finding powers, the lower court in essence convicted Appellant based on facts of which he had been acquitted at the trial court level. We have stated that "[d]ouble jeopardy

principles prohibit a reviewing court from rehearing any incidents for which the accused was found not guilty." *United States v. Wilson*, 67 M.J. 423, 428 (C.A.A.F. 2009). However, unlike our decisions in *Walters* and *United States v. Stewart*, in the instant case the lower court's consideration of facts underlying the assault and abusive sexual contact offenses in evaluating the sexual harassment offense did not violate double jeopardy principles because the offenses and elements were, quite simply, not the same. *Walters*, 58 M.J. at 397; *Stewart*, 71 M.J. 38, 43 (C.A.A.F. 2012).

We view this case as more akin to *Gutierrez* than *Smith*, in that the fact patterns of the convicted and acquitted behaviors overlapped but were not identical. In *Gutierrez*, this Court stated that "[a]lthough Gutierrez was acquitted of the rape specification, the government is correct in noting that the panel could independently consider the evidence supporting that incident while deliberating on the stalking charge." 73 M.J. at 175. Similarly, we suggested that a Court of Criminal Appeals could independently consider evidence supporting an offense for which an appellant was acquitted in evaluating whether evidence supported a different offense of which an appellant was convicted. We apply our conclusions in *Gutierrez* to the circumstances of this case and conclude that the lower court properly considered facts relevant to the abusive sexual contact and assault consummated by battery specifications of which Appellant was acquitted since those facts were also relevant to the sexual harassment specification of which he was convicted.[2]

### Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

---

[2] This Court also granted review on an additional issue. At trial, the military judge provided the following instruction to the members prior to deliberation: "If, based on your consideration of the evidence, you are firmly convinced that the accused is guilty of the crimes charged, you must find him guilty." Appellant challenges the use of the word "must" as improper. Because the instruction was not objected to at the time of trial, the standard of review for this issue is plain error. In accordance with *United States v. McClour*, we find that the military judge's use of the phrase "must find him guilty" does not amount to plain error. __ M.J. __ (1-2) (C.A.A.F. 2017).