Judge STUCKY,
dissenting.
I agree with the majority’s conclusion that “otherwise” means “in a different way or manner,” and thus that the United States Navy-Marine Corps Court of Criminal Appeals misstated the law in saying that “asleep or unconscious are examples of how an individual may be otherwise unaware.” United States v. Sager, 76 M.J. 158, 161-62 (C.A.A.F. 2017) (internal quotation marks omitted) (citation omitted). Nevertheless, I conclude that Appellant was not prejudiced by this error and would affirm the judgment of the CCA Therefore, I respectfully dissent.
Appellant was convicted of touching the penis of the victim with his hand when he knew or reasonably should have known that the victim was “asleep, unconscious, or otherwise unaware that the sexual contact was occurring.” See Article 120(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(d) (2012) (incorporating the language of Article 920(b)(2), UCMJ). Appellant was acquitted of performing fellatio on the victim when the victim was incapable of consenting *163 to the sexual contact due to impairment by an intoxicant.
The military judge erroneously instructed the members that to convict, they had to agree on one of two theories of guilt: that Appellant (1) knew or (2) reasonably should have known that the victim was unaware the sexual contact was occurring. The findings worksheet erroneously suggested that, in addition to agreeing on Appellant’s knowledge, the members also had to select from one of three reasons for the victim being unaware the sexual act was occurring: that the victim was (1) asleep, (2) unconscious, or (3) otherwise unaware. See Sager, 76 M.J. at 159-60.
Contrary to the military judge’s instructions and the worksheet, we have long held that “military criminal practice requires neither unanimous panel members, nor panel agreement on one theory of liability, as long as two-thirds of the panel members agree that the government has proven all the elements of the offense.” United States v. Brown, 65 M.J. 356, 359 (C.A.A.F. 2007) (citing United States v. Vidal, 23 M.J. 319, 325 (C.M.A. 1987)). In my opinion, the court members did not have to decide between the two theories set out above. Two-thirds of the members just had to agree that he knew or reasonably should have known.
Similarly, in my opinion, the court members did not have to select one of the three statutory reasons a victim could be unaware of the sexual contact. As amply shown by the facts in this ease, the evidence of which reason caused the victim to be unaware will often overlap.
The victim testified that he drank excessively, “passed out,” and awoke to Appellant manually stimulating him, before Appellant then performed fellatio as the victim was too intoxicated to respond. For the specification alleging manual stimulation that we remand today, the panel was thus presented with evidence of sleep and unconsciousness, both due to intoxication. Was he just intoxicated, asleep, unconscious, or a combination thereof? The important thing is that the members did not have to agree on the reason. The required two-thirds just had to agree that the victim was unaware of the sexual contact.[1] So even under a correct view of the statute, the CCA could consider any evidence bearing on whether the victim was “unaware,” and need not artificially excise from its review the evidence tending to show that the victim was asleep or unconscious.
I disagree with the majority’s statement that, on remand, the CCA “should also consider whether Green v. United States, 355 U.S. 184, 185, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), is applicable to this case.” The majority’s reference to Green suggests that the CCA was prohibited by double jeopardy concerns from considering evidence of the victim’s intoxication after Appellant was acquitted of performing fellatio on an intoxicated victim.
But Green is inapplicable here. Each of Appellant’s two abusive sexual contact charges alleged a distinct actus reus: oral sexual contact for the first, and manual sexual contact for the second, so this is not a case of charging in the alternative, as in Green, 355 U.S. at 190, 78 S.Ct. 221. Accordingly, acquittal of one charge carries no logical implications for the other. To the extent that evidence of the victim’s intoxication is relevant to both charges, a panel and a reviewing court could permissibly consider that evidence in reviewing Appellant’s conviction. That is the import of this Court’s reasoning in United States v. Gutierrez, 73 M.J. 172, 176 (C.A.A.F. 2014), as well as in United States v. Rosario, 76 M.J. 114, 2017 WL 716018 (C.A.A.F. 2017). Those cases, rather than Green, ought to inform the CCA’s review on remand.

. Faced with broad testimony and three reasons, an astute panel might have selected "otherwise unaware” not as a rejection of the theory that'the victim was "asleep” or "unconscious,” but rather because "otherwise unaware” is the language that establishes the boundaries of the element as a whole: "unaware” for any reason whatsoever.