# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class ISAIAH J. ATKINSON**
**United States Army, Appellant**

ARMY 20180372

Headquarters, 7th Infantry Division
Lanny J. Acosta, Jr., Timothy P. Hayes, Jr., and Brad Bales, Military Judges
Colonel Russell N. Parson, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Todd W. Simpson, JA; Captain Joseph C. Borland, JA (on brief).

For Appellee: Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Lieutenant Colonel Karen J. Borgerding, JA (on brief).

16 September 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of violating a lawful general regulation, one specification of making a false official statement, and two specifications of sexual assault[1], in violation of Articles 92, 107, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, and 920 [UCMJ]. The panel acquitted appellant of one specification of making a false official statement, one specification of rape, two specifications of sexual assault, one specification of assault consummated by a

---

[1] After finding the two sexual assault convictions to be an unreasonable multiplication of charges (UMC), the military judge conditionally dismissed one of the sexual assault convictions (Specification 4 of Charge I) subject to the other conviction (Specification 2 of Charge I) surviving appellate review.

battery, and one specification of obstructing justice, in violation of Articles 107, 120, 128, and 134, UCMJ. The panel sentenced appellant to a dishonorable discharge, confinement for nine years and three months, and total forfeitures. The convening authority approved appellant's sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant asserts two assignments of error, one of which merits discussion but no relief.[2] Specifically, appellant challenges the legal and factual sufficiency of his convictions for violating a lawful general regulation. After a careful review of the record, we disagree and hold appellant's convictions are both legally and factually sufficient.

## BACKGROUND

On 14 January 2017, appellant, twenty years old the time, hosted a party in his barracks room on Joint Base Lewis-McChord. Among the partygoers were EB and MR,[3] both high school students under the age of twenty-one. While at the party, the attendees socialized and played drinking games. Appellant purchased alcoholic beverages in preparation for the party and supplied some of the beverages to both EB and MR. Specifically, appellant gave beer to both EB and MR and a shot of liquor to MR.

After the party disbanded, three soldiers arrived at appellant's room looking for another soldier they believed to be suicidal. Upon entering appellant's room, the three soldiers witnessed appellant "actively engaged in intercourse" with MR, "humping" and "thrusting into her." The three described MR as "incoherent," "completely out of it," "limp and unconscious," and "physically [un]aware of what was going on." The soldiers also observed a gash near MR's eye that was actively bleeding. The three soldiers, with the help of a non-commissioned officer who they notified of the situation, intervened and assisted MR in getting dressed, and ultimately notified the appropriate authorities.

Pertinent to appellant's assignment of error discussed herein, the government charged appellant with two specifications of violating Fort Lewis Regulation (FLR) 210-1, paragraph 8-2, by "knowingly and wrongfully providing alcohol" to EB and MR. In relevant part, paragraph 8-2 of FLR 210-1 provides:

---

[2] We have considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

[3] By the time of trial, MR married and changed her name to MI.

a. Personnel under the age of 21 are prohibited from buying, introducing, possessing, transporting, transferring or consuming alcoholic beverages.

. . .

c. Personnel 21 years or older are prohibited from selling, giving, providing or otherwise supplying alcoholic beverages to any person under the age of 21 years or from permitting any person under 21 years of age to consume alcoholic beverages on his or her premises or any premise under his or her control. . . .

## LAW AND DISCUSSION

Article 66, UCMJ, establishes our statutory duty to review a record of trial for legal and factual sufficiency de novo. *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017). We may affirm only those findings of guilt that we find correct in law and fact and determine, based on the entire record, should be affirmed. *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003).

We will only hold guilty findings legally sufficient when a rational fact finder "could have found all essential elements of the offense beyond a reasonable doubt." *United States v. Nicola*, 78 M.J. 223, 226 (C.A.A.F. 2019) (citation omitted). In conducting our legal sufficiency review, we must draw "every reasonably inference from the evidence of record in favor of the prosecution." *United States v. Robinson*, 77 M.J. 294, 298 (C.A.A.F. 2018) (citation omitted). "As such, the standard for legal sufficiency involves a very low threshold to sustain a conviction." *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) (citations and internal marks omitted).

In weighing factual sufficiency, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). To affirm a conviction, "after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we must be] convinced of [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

The relevant facts of this case are not in dispute. Both appellant and the government agree that: (1) appellant, EB, and MR were all under the age of twenty-one on the night of appellant's barracks room party; and (2) appellant provided both EB and MR alcohol at the party. Accordingly, the only issue for this court to decide is whether paragraph 8-2 of FLR 210-1 applies to appellant's conduct.

Appellant contends that paragraph 8-2 of FLR 210-1 does not apply to appellant's conduct because subparagraph (c) only contemplates "[p]ersonnel 21 years or older," which appellant was not. Contrarily, the government argues appellant's conduct is covered by subparagraph (a) because "[p]ersonnel under the age of 21" are prohibited from "transferring" alcoholic beverages.

The term "transfer" is not defined in FLR 210-1. As such, we look to the commonly understood definition to determine if appellant's conduct constituted a transfer. *See Clark v. Rameker*, 573 U.S. 122, 127 (2014) (applying ordinary dictionary definitions to terms not defined in a statute). Merriam-Webster defines "transfer" as "to convey from one person . . . to another." *Transfer*, https://www.merriam-webster.com/dictionary/transfer (last updated 31 Aug. 2019). Applying the ordinary meaning of "transfer" to this case, we agree with the government that appellant transferred alcoholic beverages to both EB and MR by moving the beverages from his possession to theirs.

Additionally, while not raised by appellant, we are also convinced that appellant did not suffer from a lack of notice. Both Specifications 1 and 2 of Charge V alleged violations of "paragraph 8-2, Fort Lewis Regulation 210-1." Accordingly, appellant was on notice that the government sought to criminalize his conduct pursuant to one of paragraph 8-2's subparagraphs. Furthermore, the trial counsel specifically argued that appellant should be found guilty of Specifications 1 and 2 of Charge V because FLR 210-1 "prohibits anyone under the age of 21, including [appellant], from transferring alcohol to anyone."[4]

As agreed upon by the parties in their pleadings before this court, we find appellant provided alcoholic beverages to both EB and MR when all three were under the age of twenty-one. We also find that paragraph 8-2a of FLR 210-1 specifically prohibited and criminalized appellant's conduct. Finally, we find appellant received proper notice of what he needed to defend against. Accordingly, after conducting our independent review of the record, we conclude that appellant's convictions of Specifications 1 and 2 of Charge V are legally and factually sufficient.

---

[4] At trial, despite the party being held in appellant's barracks room and the alcohol being located in appellant's refrigerator, defense counsel's primary argument related to Specifications 1 and 2 of Charge V was that the government had not established appellant purchased the alcohol consumed by EB and MR.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.[5]

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] Pursuant to the military judge's UMC finding, Specification 4 of Charge I is dismissed subject to Specification 2 of Charge I surviving subsequent appellate review. *See* UCMJ arts. 67, 67a, and 76.