*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, HITESMAN, and GASTON,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Matthew J. LYTLE**
Sonar Technician Surface Second Class, U.S. Navy
Appellant

**No. 201800209**

Decided: 15 January 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Commander S. Reyes, JAGC, U.S. Navy. Sentence adjudged 22 March 2018 by a general court-martial convened at Fleet Activities, Yokosuka, Japan, consisting of officer members. Sentence approved by convening authority: reduction to pay grade E-1, forfeiture of all pay and allowances, confinement for six months, and a dishonorable discharge.

For Appellant: Lieutenant Commander Kevin R. Larson, JAGC, U.S. Navy.

For Appellee: Lieutenant Timothy C. Ceder, JAGC, U.S. Navy; Lieutenant Kurt W. Siegal, JAGC, U.S. Navy.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was found guilty by officer members, contrary to his pleas, of one specification of attempted sexual assault of a child and two specifications of attempted sexual abuse of a child, in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2012).

Appellant asserts three assignments of error (AOE): (1) his convictions are factually insufficient because he believed the person he was communicating with was 16 years old; (2) his trial defense counsel were ineffective because they did not challenge a member whose daughter was the victim of child sexual assault; and (3) his trial defense counsel were ineffective because they advised him not to testify in his defense.[1] We find no merit in the AOEs and affirm the findings and sentence.

## I. BACKGROUND

The offenses of which Appellant was convicted relate to an online relationship that Appellant started with "Mandy," a person representing herself to be a 15-year-old female, but who was actually a Naval Criminal Investigative Service (NCIS) special agent. Appellant and "Mandy" communicated through an online chat platform and Appellant sent communications that were sexual in nature. On 27 September 2017, NCIS special agents apprehended Appellant when he arrived at a residence on the U.S. Navy base at Yokosuka, Japan. Appellant had come to the residence with the intent to have sex with Mandy, whom he believed was waiting for him inside.

One of the members, Commander (CDR) JV, indicated in his member's questionnaire and in voir dire that his daughter had been sexually assaulted five years before. His daughter was 5 years old at the time and had been attacked by a 10-year-old child. The civilian defense counsel did not ask CDR JV about the incident during voir dire, but the military judge asked several questions about the incident and whether CDR JV believed he could still be a fair and impartial member in light of the incident. CDR JV stated that he did not think the incident would affect his ability to be impartial. He stated:

---

[1] AOE (3) is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Having carefully considered that assignment of error, we find it to be without merit and warrants no further discussion. *See United States v. Clifton,* 35 M.J. 79 (C.M.A. 1992); *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987), *cert. denied*, 485 U.S. 968 (1988).

"They are completely different issues." The Defense did not challenge CDR JV for cause or peremptorily.

Additional facts necessary to resolve the AOEs are contained below.

## II. DISCUSSION

### A. Appellant's Convictions are Factually Sufficient

Appellant avers that the evidence presented by the Government was factually insufficient to prove that he knew the person he was communicating with was not yet 16 years old, an essential element in each of the three specifications of which he was convicted.

The test for factual sufficiency is whether "after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [this Court is] convinced of Appellant's guilt beyond a reasonable doubt." *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017) (citation, internal quotation marks, and emphasis omitted). In conducting this unique appellate function, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). Proof beyond a reasonable doubt does not mean, however, that the evidence must be free from conflict. *United States v. Goode*, 54 M.J. 836, 841 (N-M. Ct. Crim. App. 2001) (citation omitted).

Having carefully considered the evidence in the record of trial and making suitable allowances for not having personally observed the witnesses, we are convinced of Appellant's guilt beyond a reasonable doubt. In the opening minutes of their online conversation in September 2017, "Mandy" informed Appellant: "I'll be 16 next June." Appellant responded that she was too young for him, but soon afterwards asked if he could meet her. Later in the day, "Mandy" stated that her mother "treats me more like I'm 12 not 15." Appellant now claims that he honestly believed "Mandy" was 16 years old, but there is no evidence in the record supporting that conclusion.

In addition to "Mandy's" explicit statements that she was 15 years old, Appellant explicitly expressed his consciousness of guilt. He repeatedly informed "Mandy" that she needed to keep their relationship a secret. He also repeatedly expressed concern that she might be setting him up for some kind of sting.

We are convinced of Appellant's guilt of the offenses.

**B. Appellant Received Effective Assistance of Counsel**

Appellant claims that he did not receive effective assistance of counsel because his trial defense counsel did not challenge CDR JV for cause.

We review claims of ineffective assistance of counsel de novo. *United States v. Harpole,* 77 M.J. 231, 236 (C.A.A.F. 2018). In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

With respect to *Strickland's* first prong, counsel are presumed to be competent and our inquiry into an attorney's representation is "highly deferential." *Id.* at 689. We employ "a strong presumption that counsel's conduct falls within the wide range of professionally competent assistance." *Id.* Appellant has the heavy burden of establishing a factual foundation for a claim of ineffective representation. *See United States v. Grigoruk*, 52 M.J. 312, 315 (C.A.A.F. 2000) ("sweeping, generalized accusations" will not satisfy an appellant's foundational burden). In order to show prejudice under *Strickland's* second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. "Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* at 696.

We will not second-guess strategic or tactical decisions made by the trial defense counsel unless Appellant can show specific defects in counsel's performance that were unreasonable under prevailing professional norms. *United States v. Mazza*, 67 M.J. 470, 475 (C.A.A.F. 2009). We do not believe that Appellant has shown any here. Although the trial defense counsel did not voir dire CDR JV about the incident involving his daughter, the military judge did. CDR JV clearly stated that he thought the incident involving his daughter and the allegations against Appellant were "completely different issues." He also clearly stated that the incident would not affect his ability to be impartial. We believe that CDR JV would have provided the same answers had he been asked the questions by Appellant's counsel and that any challenge for cause against CDR JV would have failed.

The civilian defense counsel could have alternatively decided to use his peremptory challenge against CDR JV, but he did not. We note that there were two defense counsel on the defense team and a detailed defense expert consultant, who was present in the courtroom. The civilian defense counsel consulted with his co-counsel as well as his defense expert prior to deciding

whether to exercise a peremptory challenge, and decided not to challenge any member. This indicates that the civilian defense counsel's decision to keep CDR JV on the members' panel was a considered decision.

Although Appellant now claims that CDR JV's presence on the members' panel prejudiced him, we can find no prejudice. The members acquitted Appellant of one of the alleged offenses and convicted on three that were strongly supported by the evidence. The members were instructed on the amount of pretrial confinement credit the Appellant would receive and then adjudged a sentence to confinement which they knew would result in his immediate release. We can find no prejudice in the way the members treated Appellant.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and no error materially prejudicial to the appellant's substantial rights occurred. Arts. 59, 66, UCMJ. Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court