# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40383**

————————————

## UNITED STATES
*Appellee*

**v.**

## Kole W. KRIBS
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 8 December 2023

————————————

*Military Judge*: Michael A. Schrama.

*Sentence*: Sentence adjudged 29 July 2022 by GCM convened at Dover Air Force Base, Delaware. Sentence entered by military judge on 2 October 2022: Bad-conduct discharge, confinement for 28 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant*: Major Abhishek S. Kambli, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Captain Vanessa Bairos, USAF; Mary Ellen Payne, Esquire; Abigail E. Thomas (legal extern).[1]

Before JOHNSON, CADOTTE, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge CADOTTE joined.

————————————

[1] Ms. Thomas was a legal extern with the Government Trial and Appellate Operations Division and was at all times supervised by attorneys admitted to practice before this court.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MASON, Judge:

At a general court-martial, Appellant was convicted, consistent with his plea, of one charge with one specification of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892.[2] A panel of officer and enlisted members convicted Appellant, contrary to his pleas, of three specifications of abusive sexual contact, in violation of Article 120, UCMJ, 10 U.S.C. § 920.[3] Appellant elected sentencing by military judge alone. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 28 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or sentence. Pursuant to Appellant's requests, the convening authority directed deferment of the rank reduction until the entry of judgment, waived purported automatic forfeitures for a period of six months, and directed the total pay and allowances to be paid to Appellant's former spouse for the benefit of Appellant's dependent children.[4]

Appellant raises two issues on appeal: (1) whether Appellant's conviction for abusive sexual contact upon EB is factually and legally insufficient; and (2) whether Appellant's sentence, which included 28 months of confinement, is inappropriately severe. We find no error materially prejudicial to Appellant's substantial rights and affirm the findings and sentence.

## I. BACKGROUND

In March 2020, Appellant was married to KG and was the stepfather to then 16-year-old EB. Appellant had been her stepfather for approximately 13 years. At some point in the evening on 8 March 2020, EB went around the home to say goodnight to her siblings and Appellant. EB went into an upstairs room and entered to say goodnight to Appellant who was laying on a bed and watching television at the time. She sat down next to him. Appellant proceeded to put his hand on EB's buttocks under her shorts and over her underwear. EB

---

[2] Unless otherwise noted, all references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] The court members found Appellant not guilty of one specification of abusive sexual contact, in violation of Article 120, UCMJ.

[4] The convening authority purportedly waived the automatic forfeitures but did not take any action on the adjudged forfeitures. Appellant has not raised an allegation of error, and we find no corrective action is required.

was shocked and not sure what was going on. EB turned her body away from him and told him that she wanted to go to bed. Appellant put his hand up EB's shirt, under her bra and grabbed her breast. EB remained frozen in place. Appellant also put his hand under her shorts, over her underwear and touched her on the front part of her hip and her right hip flexor.[5] EB told Appellant again that she wanted to go to bed. Appellant responded, "come on, come on, stay." EB stood up and Appellant pulled on her. Eventually, Appellant let up and EB left the room and went to her bedroom. A few minutes later, Appellant came into EB's bedroom and laid in the bed with her. Appellant asked EB if she was okay. EB responded that she was fine and that she just wanted to go to sleep. Appellant asked EB if she was going to tell her mother. EB stated "no," that she was fine and that she wanted to go to sleep. EB's sister walked in and shortly thereafter, Appellant left EB's bedroom. A couple of days later, EB told her mother, KG, what happened. KG asked Appellant to move out.

After Appellant moved out, KG and Appellant continued to communicate. Appellant wanted to salvage the marriage. Around this time, he wrote KG and EB each a letter.[6] In the letter to KG, Appellant admitted touching EB's buttocks and that he meant to do it. He also admitted to touching EB's breast and squeezing it when he realized where his hand was. In the letter to EB, Appellant stated, "What I did that night is unforgivable. I took advantage of your trust [and] vulnerability."

In July 2020, Appellant was serving as a special agent with the Air Force Office of Special Investigations (AFOSI) at Dover Air Force Base, Delaware. As part of his duties, he was provided access to certain government-procured database subscriptions. One of those databases contained personal information regarding private citizens. By regulation, AFOSI personnel were prohibited from utilizing this database outside their official duties. Around 20 July 2020, Appellant accessed the database to look up three private citizens to gain information about them for his personal use. Specifically, he used the database to look up information about a woman he had met online as well as information about her parents.

---

[5] EB described this in more detail by saying it was "[m]ore like the groin area, I would say." Trial counsel subsequently had EB stand and demonstrate where Appellant touched her. The military judge noted that "[i]t looked like her right hip flexor."

[6] The parties stipulated at trial to the authenticity of these letters.

## II. DISCUSSION

### A. Legal and Factual Sufficiency

Appellant challenges the legal and factual sufficiency of his abusive sexual contact conviction regarding the touching of EB's groin.

#### 1. Law

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

"The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 77 M.J. 294, 297–98 (C.A.A.F. 2018) (quoting *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017)). "The term reasonable doubt, however, does not mean that the evidence must be free from conflict." *United States v. Wheeler*, 76 M.J. 564, 568 (A.F. Ct. Crim. App. 2017) (citing *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986)), *aff'd*, 77 M.J. 289 (C.A.A.F. 2018). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citations omitted). As a result, "[t]he standard for legal sufficiency involves a very low threshold to sustain a conviction." *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) (alteration in original) (citation omitted). The test for legal sufficiency "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *United States v. Oliver*, 70 M.J. 64, 68 (C.A.A.F. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1973)).

"The test for factual sufficiency 'is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses,' [this] court is 'convinced of the [appellant]'s guilt beyond a reasonable doubt.'" *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (quoting *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)). "In conducting this unique appellate role, we take 'a fresh, impartial look at the evidence,' applying 'neither a presumption of innocence nor a presumption of guilt' to 'make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt.'" *Wheeler*, 76 M.J. at 568 (alteration in original) (quoting *Washington*, 57 M.J. at 399). This court's review of the factual sufficiency of evidence for findings is limited to the evidence admitted at trial. *See* Article 66(d), UCMJ, 10 U.S.C. § 866(d); *United States v. Rodela*, 82 M.J. 521, 525 (A.F. Ct. Crim. App. 2021) (citation omitted), *rev. denied*, 82 M.J. 312 (C.A.A.F. 2022); *United States v. Beatty*, 64 M.J. 456, 458 (C.A.A.F. 2007) (citations omitted).

Appellant was convicted of abusive sexual contact in violation of Article 120, UCMJ, which required the Government to prove the following two elements beyond a reasonable doubt: (1) that Appellant committed sexual contact upon EB, to wit: touching her groin with his hand, with an intent to gratify his sexual desire; and (2) that Appellant did so without EB's consent. *See Manual for Courts-Martial, United States* (2019 ed.), pt. IV, ¶ 60.e.(4)(d).

**2. Analysis**

Appellant asserts that his conviction for abusive sexual contact by touching EB's groin is both legally and factually insufficient. He argues that EB "never" testified to Appellant touching her groin.

A careful review of EB's testimony as well as all the evidence presented in the findings portion of the trial demonstrates the legal and factual sufficiency of Appellant's conviction. EB testified that Appellant put his hand in her shorts and touched her buttocks. She also testified that he touched her on the front part of her hip and identified this touching as "[m]ore like the groin area." Trial counsel had EB demonstrate in court the area of the touching. The military judge commented that it appeared to be on her right hip flexor. At the conclusion of the Government's case-in-chief, trial defense counsel moved for a finding of not guilty for this specification. The military judge denied this motion and noted that EB did testify referencing her groin. Further, he noted that EB "stood while she was testifying and when asked by counsel to touch the areas that she was touched, she did touch the area between her pubic area and her thigh."

In *United States v. McDonald*, 78 M.J. 669, 680 (N.M. Ct. Crim. App. 2018), our sister service court found the medical definition of groin to mean, "[t]he groove, and the part of the body around it, formed by the junction of the thigh with the abdomen, on either side." (Alteration in original) (footnote omitted). The military judge applied this definition to the facts to dispose of trial defense counsel's motion for a finding of not guilty. Given the state of the evidence, particularly EB's demonstration to the court where she was touched as noted by the military judge, we are convinced that Appellant touched EB's groin as alleged in the specification.

We conclude that the members rationally found the essential elements of this crime beyond a reasonable doubt, to include that Appellant touched EB's groin. *See Robinson*, 77 M.J. at 297–98. Furthermore, after weighing all the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced of Appellant's guilt beyond a

reasonable doubt.[7] Therefore, we find Appellant's conviction both legally and factually sufficient.

## B. Sentence Appropriateness

Appellant argues that his sentence, which included confinement for 28 months, is inappropriately severe.

### 1. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (footnote omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved based on the entire record. 10 U.S.C. § 866(d). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006)) (additional citation omitted). While we have significant "discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency." *Id.* (citations omitted).

### 2. Analysis

We have conducted a thorough review of Appellant's entire court-martial record, including his record of service, and all matters submitted in extenuation and mitigation. We find that the nature and seriousness of the offenses clearly support the adjudged sentence of a bad-conduct discharge, confinement for 28 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. Understanding we have a statutory responsibility pursuant to Article 66(d), UCMJ, to affirm only so much of the sentence that is correct and should be approved, we conclude the sentence is not inappropriately severe and we affirm the sentence as adjudged.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.

---

[7] *See United States v. Westcott*, No. ACM 39936, 2022 CCA LEXIS 156, at *24–25 (A.F. Ct. Crim. App. 17 Mar. 2022) (unpub. op.) (upholding legal and factually sufficiency of abusive sexual assault by touching the groin in the absence of the use of the specific word "groin" in victim's testimony, but with a description of where she was touched); *cf. United States v. Perez*, No. ARMY 20140117, 2016 CCA LEXIS 131, at *6 (A. Ct. Crim. App. 29 Feb. 2016) (per curiam) (unpub. op.) (setting aside guilty plea where accused was charged with touching victim's genitals, but providence inquiry demonstrated that he touched victim's pubic mound, just above her genitals).

Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court