# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32814

————————————

### UNITED STATES
*Appellee*

v.

### Chance J. BYRD
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 April 2026

————————————

*Military Judge*: Nathan D. Royer.

*Sentence*: Sentence adjudged 18 December 2024 by SpCM convened at Minot Air Force Base, North Dakota. Sentence entered by the military judge on 5 February 2025: Bad-conduct discharge and confinement for five months.

*For Appellant*: Captain Joyclin N. Webster, USAF.

*For Appellee*: Colonel Matthew D. Talcott, USAF; Major Vanessa Bairos, USAF; Major Kate E. Lee, USAF; Major Catherine D. Mumford, USAF; Major Jocelyn Q. Wright, USAF; Ms. Mary Ellen Payne, Esquire.

Before DOUGLAS, MCCALL, and KUBLER, *Appellate Military Judges*.

Judge KUBLER delivered the opinion of the court, in which Senior Judge DOUGLAS and Judge MCCALL joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KUBLER, Judge:

Officer and enlisted members at a special court-martial convicted Appellant, contrary to his pleas, of one specification of wrongful use of a controlled substance on divers occasions in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, for "wrongfully us[ing] delta-8 tetrahydrocannabinol, a Schedule I controlled substance."[1] The military judge sentenced Appellant to a bad-conduct discharge and five months' confinement.[2] The convening authority took no action on the findings or sentence.

This case turns on whether the delta-8 tetrahydrocannabinol (THC-8) Appellant used was a controlled substance. The schedules of controlled substances, found at 21 U.S.C. § 812 (2018), state THC-8 derived from hemp is not a controlled substance.[3,4] Making THC-8 from hemp, the most economic and efficient way, is how Air Force Drug Testing Laboratory experts believe almost all THC-8 is made. For that reason, the laboratory's advice is to address use of THC-8 as a failure to obey an order under Article 92 of the UCMJ; all our sister services address THC-8 use this way. Here, with no evidence the THC-8 was produced in the convoluted way that would make it a controlled substance, and despite the lab's advice to the contrary, the Government "took the road less traveled by"—charged wrongful use of a controlled substance under Article 112a, UCMJ—"and that has made all the difference."[5]

---

[1] The military judge dismissed with prejudice one charge and specification of absence without leave in violation of Article 86, UCMJ, 10 U.S.C. § 886, for failure to state an offense; and the members acquitted Appellant of one charge and specification of willfully disobeying an order in violation of Article 90, UCMJ, 10 U.S.C. § 890.

[2] The military judge credited Appellant with five days of confinement pursuant to *United States v. Pierce*, 27 M.J. 367, 370 (C.A.A.F. 1989) (holding an appellant who stands convicted of an offense he previously received nonjudicial punishment for, may need his sentence adjusted to ensure he is not punished twice for the same offense).

[3] "Tetrahydrocannabinols [are listed as controlled substances] except for tetrahydrocannabinols in hemp (as defined under section 297A of the Agricultural Marketing Act of 1946 [7 USCS § 1639o])." *See* 21 U.S.C. § 812(c), Schedule I, (c)(17) (second alteration in original).

[4] *Compare* Section 297A of The Agricultural Marketing Act, as amended by The Agriculture Improvement Act, Pub. L. No. 115-334 § 10113, 132 Stat. 4490, 4908 (20 Dec. 2018), which defines hemp as "the plant Cannabis sativa L. and any part of that plant, . . . and all derivatives, extracts, cannabinoids . . . with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis," *with* n.10 *infra*.

[5] Robert Frost, *The Road Not Taken, POETRY FOUNDATION,* https://www.poetryfoundation.org/poems/44272/the-road-not-taken (last visited 15 Apr. 2026).

Appellant challenges his conviction on appeal for two reasons, which we have reworded: (1) that the military judge erred by denying the defense motion for a finding of not guilty; and (2) that Appellant's conviction is legally and factually insufficient. "The United States agrees that Appellant's conviction is legally and factually insufficient," said Appellee, "and should be reversed."

We agree with Appellant and Appellee, the evidence is legally and factually insufficient to support the conviction for wrongful use of a controlled substance under Article 112(a), UCMJ, and should be reversed. Accordingly, we set aside the findings of guilty as to the Specification of Charge I and Charge I, and the sentence. Having set aside the findings and sentence, we do not address issue (1). At the time Appellant was alleged to have used THC-8 it did not qualify as a Schedule I controlled substance without evidence that the THC-8 used was not derived from hemp. Where, as here, there is no proof the THC-8 was not derived from hemp, the facts do not support a charge under Article 112a, UCMJ. Rather, wrongful use of THC-8 under current law and these facts could have supported a charge of failure to obey a lawful regulation under Article 92, UCMJ.[6,7,8,9] The court recognizes that effective 12 November 2026 the new

---

[6] In accordance with the Department of the Air Force Manual (DAFMAN) 44-197, *Military Drug Demand Reduction Program*, ¶ 1.2.2.1 (5 Sep. 2023), "The ingestion of products containing or derived from hemp, including but not limited to delta-8-tetrahydrocannabinol (Delta-8 THC) and cannabidiol (CBD), is prohibited. Failure by military personnel to comply with this provision constitutes a violation of Article 92(1), UCMJ, and *may* also constitute a violation of Article 112a, UCMJ." (Emphasis added).

[7] The Department of the Army charges use of THC-8 under Article 92, UCMJ, as set forth in Army Regulation (AR) 600-85, *The Army Substance Abuse Program*, ¶ 4-2(l)(8)(a) (4 Oct. 2024), "The use of products made or derived from hemp (as defined in 7 USC. 1639o), including but not limited to cannabidiol CBD, . . . (for example, THC–8), . . . is prohibited . . . [and] subject to punishment under Art. 92(1), UCMJ."

[8] The Department of the Navy charges use of THC-8 under Article 92, UCMJ, under a punitive general order to address hemp. *See* ALNAV 074/20, *Prohibition on the Use of Hemp Products* (24 Jul. 2020). "Sailors and Marines are prohibited from using any product made or derived from hemp (as defined in 7 U.S.C. 1639o) . . . ." *Id.* ¶ 5.a.

[9] The United States Coast Guard addresses THC-8 use as a violation of COMDTINST 1000.10B, *Military Substance Abuse and Behavioral Addiction Program*, ¶ 7.A.(5)(c)(1) (31 Oct. 2022), "Coast Guard members are prohibited from using any products containing hemp as defined by 7 U.S.C. § 1639o . . . . [F]ailure by . . . members to comply with these provisions is a violation of the Article 92, UCMJ . . . ."

definition of "hemp" will eliminate the exemption for hemp-based THC-8, and thus will require careful scrutiny for future charging.[10]

## I. BACKGROUND

### A. Did the Government prove Appellant had THC-8 in his system?

Yes, the Government provided ample evidence Appellant had THC-8 in his system. Doctor EH, an expert witness and Air Force Drug Testing Laboratory forensic toxicologist, testified about Appellant's urinalyses. Appellant's urine samples tested negative for THC-9 and positive for THC-8 on four separate occasions: on 24 July 2024, at 17 nanograms per milliliter (ng/ml), on 6 August 2024 at 24 ng/ml, on 14 August 2024, at 245 ng/ml, and on 19 August 2024, at 37 ng/ml. "The member," said Dr. EH, "ingested THC-8 sometime before the test[s]," and opined the tests were consistent with recreational use of THC-8.

### B. Did the Government prove the THC-8 in Appellant's system was a Schedule I controlled substance?

No. The Government presented no evidence that the THC-8 Appellant used was a Schedule I controlled substance. At best, trial counsel proved it was theoretically possible for THC-8 to be a controlled substance. Trial counsel asked Dr. EH if THC-8 is a Schedule I controlled substance. He responded, "[THC-8] is a controlled substance, Schedule I, depending on how it's produced." Dr. EH further explained, "[I]f you isolate [THC-8] from marijuana, it's a controlled substance. If it's synthesized from . . . small molecules, it's a controlled substance. If it's . . . isolated from hemp, it is not a controlled substance."

Trial defense counsel tried to ask Dr. EH his opinion on which of the three ways THC-8 is produced. Trial counsel objected that Dr. EH, not an expert in manufacturing processes, would be speculating. The military judge sustained the objection in a hearing outside the presence of members. With the objection sustained, members never heard Dr. EH's opinion on this critical point.[11]

---

[10] *Compare* Section 297A of The Agricultural Marketing Act of 1946 (7 U.S.C. 1639o), as amended by Pub. L. No. 119-37 § 781, 139 Stat. 495, 558 (12 Nov. 2025) (effective 12 Nov. 2026), which defines hemp as "the plant Cannabis sativa L. . . . with a *total tetrahydrocannabinol concentration* (including tetrahydrocannabinol acid) of not more than 0.3 percent on a dry weight basis" (emphasis added), *with* n.4 *supra*.

[11] We footnote the testimony outside the presence of members because it is not a part of our factual sufficiency review, though it is critical to understand this case.

Dr. EH described isolating THC-8 from marijuana as impractical. Whereas, according to Dr. EH, it is efficient to isolate THC-8 from hemp. He states it is "widely available

Trial defense counsel established with Dr. EH that the THC-8 Appellant ingested could have been derived from hemp. Dr. EH testified, the urinalysis test "does not tell you the source of the [THC-8]. . . . There's no way to tell [through urinalysis testing] the source of the material [ingested by Appellant]."

On redirect, trial counsel asked if it could be from a source other than hemp, and therefore a Schedule I controlled substance. Dr. EH replied, "It could be."

Members did not hear Dr. EH explain "could be" was a remote possibility. *See* n.11, *supra.* Members found Appellant wrongfully used THC-8, a Schedule I controlled substance.

## II. DISCUSSION

### A. Legal and Factual Sufficiency

#### 1. Law

"The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 77 M.J. 294, 297–98 (C.A.A.F. 2018) (quoting *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017)).

We review questions of factual sufficiency when an appellant asserts an assignment of error and makes a specific showing of a deficiency in proof. *United States v. Harvey*, 85 M.J. 127, 130 (C.A.A.F. 2024) (citing Article 66(d)(1)(B)(i), UCMJ, *Manual for Courts-Martial, United States* (2024 ed.) (*MCM*)). The current version of Article 66(d)(1)(B), UCMJ, FACTUAL SUFFI-CIENCY REVIEW, states:

---

from hemp, it's very inexpensive from hemp;" and "no one's wasting time isolating THC-8 from marijuana," . . . "but are taking the cannabidiol from hemp . . . and pro-ducing THC-8." "The assumption among most of us at AFDTL is that almost all THC-8 — 99.99% of it," Dr. EH said, "is produced . . . [from hemp]. We just cannot believe they're isolating a product at such a — at such a low concentration from [marijuana] plant material."

After the military judge sustained the government objection, Dr. EH broke in, "Sir, may I say one thing? The synthesis from cannabidiol meets the [United States Drug Enforcement Administration (DEA)] idea that you're making THC-8 from [hemp], which according to DEA, is not — is not scheduled. That's — you want me to say that again, sir?" "Sure," the military judge said. "The DEA has said that all cannabinoids from hemp are legal," said Dr. EH, "and therefore the synthesis of THC-8 starting with cannabinoid material, i.e., cannabidiol, is not — what's the word — is not scheduled. And that's the assumption why THC-8's totally unregulated, that it's all coming from cannabidiol [a hemp derivative]."

(i) In an appeal of a finding of guilty under subsection (b), the Court may consider whether the finding is correct in fact upon a request of the accused if the accused makes a specific showing of a deficiency of proof.

(ii) After an accused has made a showing, the Court may weigh the evidence and determine controverted questions of fact subject to—

(I) appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence; and

(II) appropriate deference to findings of fact entered into the record by the military judge.

(iii) If, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding.

The elements of wrongful use of a controlled substance, in violation of Article 112a, UCMJ, are: (1) that an accused used a controlled substance; and (2) that the use by the accused was wrongful. *MCM*, pt. IV, ¶ 50.b.(2)(a)–(b).

"'Controlled substance' means amphetamine, cocaine, heroin . . . marijuana . . . . 'Controlled substance' also means any substance that is included in Schedules I through V established by the Controlled Substances Act of 1970 (21 U.S.C. § 812)." *MCM*, pt. IV, ¶ 50.c.(1).

The schedules of controlled substances, 21 U.S.C. § 812, state THC-8 derived from hemp is not a controlled substance. *See* n.3,4, 10 *supra*.

### 2. Analysis

Both Appellant and Appellee assert the conviction for wrongful use of THC-8, a Schedule I controlled substance, is legally and factually insufficient. Appellant requests we review factual sufficiency and explains that the Government admitted no evidence that THC-8 was a Schedule I controlled substance. That specific showing of a deficiency of proof coupled with Appellant's request authorizes our factual sufficiency review. *Harvey*, 85 M.J. at 130.

The Government did not prove that the THC-8 Appellant used was a Schedule I controlled substance. If the THC-8 Appellant used was made from hemp, it would not be a controlled substance. *See* n.3,4, *supra*. When asked, the Government's expert, Dr. EH, explained the THC-8 might be from something other than hemp (maybe Schedule I), then testified "there is no way to tell . . . the source of the material" (maybe not Schedule I), and finally when asked if it

could be from a source other than hemp, he replied, "[I]t could be" (but maybe Schedule I). The members heard no evidence Appellant's use was from any Schedule I controlled substance.

Not only was there no proof that the THC-8 Appellant used was a Schedule I controlled substance, Dr. EH's testimony outside the presence of the members explained why THC-8 almost certainly comes from hemp and therefore, almost certainly would NOT be a Schedule I controlled substance. *See* n.11 *supra.* Though not a part of our factual sufficiency review, this shows the Government may have had good evidence for a different charge and had no evidence for the charge of wrongful use of a controlled substance. This is the reason the Legal Advisor to the Air Force Drug Testing Laboratory provided guidance to address the use of THC-8 as a violation of an order under Article 92, UCMJ,[12] and why every other service addresses the use of THC-8 as a violation of an order. *See* n.7,8,9, *supra*. Whatever Appellant may or may not have done with THC-8, the Government did not prove it constituted wrongful use of a Schedule I controlled substance, the charge he was convicted of.

Absent specific evidence that THC-8 is derived from a source other than hemp, it is not a Schedule I controlled substance; absent evidence, we cannot infer THC-8 is a Schedule I controlled substance.[13]

Viewing the evidence in the light most favorable to the Prosecution, and drawing every reasonable inference in the Prosecution's favor, we find the conviction for Charge I and its specification alleging wrongful use of a controlled substance legally insufficient. No rational trier of fact could have found the THC-8, a Schedule I controlled substance, beyond a reasonable doubt. After weighing the evidence and giving appropriate deference to the fact that the trial court saw and heard the witnesses, we are clearly convinced the finding of guilty was against the weight of the evidence.

---

[12] Appellant's clemency request included the Legal Advisor to the Air Force Drug Testing Laboratory (AFDTL) (Fall 2022) guidance on charging THC. The guidance stated THC-8 should be charged under Article 92, UCMJ, 10 U.S.C. § 892, and not Article 112a, UCMJ, 10 U.S.C. § 912a, because AFDTL believes it is not a controlled substance.

[13] We note that in 2023, this court affirmed a conviction that included wrongful use of THC-8 under Article 112a, UCMJ, in an unpublished opinion. *See United States v. Dunleavy*, No. ACM S32724, 2023 CCA LEXIS 99 (A.F. Ct. Crim. App, 27 Feb. 2023) (unpub. op.). In *Dunleavy*, the appellant pleaded guilty, had convictions for wrongful use of cocaine and methylenedioxyamphetamine in addition to THC-8, and did not appeal the providency of the plea or raise the issue of legal and factual sufficiency. *See id.* at *2.

### III. CONCLUSION

The findings of guilty and the sentence are **SET ASIDE**. Charge I and its Specification are **DISMISSED WITH PREJUDICE**. All rights, privileges, and property, of which Appellant has been deprived by virtue of the findings and sentence set aside by this decision, are ordered restored. *See* Articles 58a(b), 58b(c), and 75(a), UCMJ, 10 U.S.C. §§ 858a(b), 858b(c), 875(a).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court