# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, PENLAND, and ARGUELLES[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class WILLIS A. GRANT**
**United States Army, Appellant**

ARMY 20200645

Headquarters, Fort Stewart
David H. Robertson, Military Judge (arraignment)
Christopher E. Martin, Military Judge (motions hearing)
Trevor I. Barna, Military Judge (trial)
Colonel Steven M. Ranieri, Staff Judge Advocate

For Appellant: Colonel Michael C. Friess, JA; Lieutenant Colonel Dale C. McFeatters, JA; Major Christian E. DeLuke, JA; Major Thomas J. Travers, JA (on brief and brief on specified issue); Jonathan F. Potter, Esquire; Captain David D. Hamstra, JA; Captain Sarah H. Bailey, JA; Major Thomas J. Travers, JA (reply brief);

For Appellee: Colonel Christopher B. Burgess, JA; Lieutenant Colonel Craig J. Schapira, JA; Captain R. Tristan C. DeVega, JA (on brief); Colonel Christopher B. Burgess, JA; Lieutenant Colonel Craig J. Schapira, JA; Captain Melissa A. Eisenberg, JA; Captain R. Tristan C. DeVega, JA; (brief on specified issue).

14 November 2022

---------------------------------
OPINION OF THE COURT
---------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault, three specifications of assault consummated by a battery, and one specification of communicating a threat

---
[1] Judge Arguelles decided this case while on active duty.

in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, 934 (2016, 2018) [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for three years, and reduction to E-1.

We review the case under Article 66, UCMJ. Appellant claims the military judge did not correctly advise him of his forum rights; we disagree.[2] We set aside the finding of guilty regarding Specification 3 of Charge II, because it is legally and factually insufficient, and we provide sentence relief. Finally, we agree with appellant's allegation of dilatory post-trial processing, and we provide sentence relief.[3]

## BACKGROUND

The government alleged appellant committed a series of offenses, *all before 1 January 2019*; however, preferral, referral, and arraignment all occurred after that date. At arraignment, the military judge advised him that he could elect trial and sentencing by a panel of members, or by the military judge alone. Appellant initially elected a panel with enlisted members, but he later changed his mind and elected trial and sentencing by the military judge alone. Appellant alleges the military judge erred by not advising him that he had a third choice: a panel for trial, followed by a military judge alone for sentencing.

## LAW AND DISCUSSION

### A. Forum Rights

#### 1. Standard of Review

We review jurisdiction questions de novo. *United States v. Melanson*, 53 M.J. 1, 2 (C.A.A.F. 2000). "[J]urisdiction over the person, as well as jurisdiction over the subject matter, may not be the subject of waiver." *United States v. Garcia*, 5 U.S.C.M.A. 88, 94, 17 C.M.R. 88, 94 (1954). A jurisdictional defect goes to the underlying authority of a court to hear a case. Thus, a jurisdictional error impacts

---

[2] This assignment of error prompts our precedential decision.

[3] Appellant's remaining assignment of error merits neither discussion nor relief. Additionally, we have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

the validity of the entire trial and mandates reversal. *United States v. Perkinson*, 16 M.J. 400, 402 (C.M.A. 1983).

*2. UCMJ Jurisdiction – Before and After the Military Justice Act of 2016*

Article 16, UCMJ, established two "types" of general courts-martial: a military judge and members; or, if an accused requests, a military judge alone. Before the Military Justice Act of 2016 (MJA 16), an accused's forum election applied to *both* findings and sentencing. With MJA 16, Congress amended Article 25(d)(1), UCMJ, which now provides:

> [T]he accused in a court-martial with a military judge and members may, after findings are announced and before any matter is presented in the sentencing phase, request, orally on the record or in writing, sentencing by members.

The Military Justice Act of 2016 also amended Article 53, UCMJ, which now reads in pertinent part:

> (A) Sentencing by military judge. Except as provided in subparagraph (B), and in subsection (c) for capital offenses, if the accused is convicted of an offense in a trial the military judge shall sentence the accused.
>
> (B) Sentencing by members. If the accused is convicted of an offense by general or special court-martial consisting of a military judge and members and the accused elects sentencing by members under section 825 of this title (article 25), the members shall sentence the accused.

Taken together, these UCMJ provisions now prescribe three forum options:[4] (1) findings by members and sentencing by military judge alone; (2) findings by members and, if the accused requests, sentencing by members; (3) if the accused requests, findings by military judge alone and sentencing by military judge alone. A

---

[4] We recognize but need not discuss an enlisted accused's additional statutory right to request enlisted members.

court-martial's authority, or jurisdiction, to decide a case, rests, at least in part, on an accused's forum election.[5]

Relying on *United States v. Hatfield*, ARMY 2020410, 2022 CCA LEXIS 62 (Army Ct. Crim. App. 26 Jan. 2022) (mem. op.), a nonbinding memorandum opinion, the government characterizes the alleged error as non-jurisdictional, and argues appellant waived any error regarding forum choice. On the other hand, citing *United States v. Alexander*, 61 M.J. 266 (C.A.A.F. 2005), appellant urges us to consider the error jurisdictional and not subject to waiver, because it deprived him of the statutory right to make a fully-informed forum choice.

We agree with appellant up to a point: if the military judge did not fully inform him of his statutory rights to applicable forum types, then the error would be jurisdictional. After all, a substantially uninformed forum decision would effectively be the same as no decision at all, thus depriving a military judge of authority—thus jurisdiction—to decide the findings. Finding appellant could not waive this *alleged* error, we now address it.

### 3. Did the Military Judge Fully Advise Appellant?

The military judge advised appellant of the two types of general courts-martial in effect before MJA 16: military judge and members; or, military judge alone. This was correct and full advice, for Executive Order 13,825, § 10, 83 Fed. Reg. 9889 (Mar. 1, 2018) states, in pertinent part:

> [A]ny change to sentencing procedures . . . made by Articles 16(c)(2), 19(b), 25(d)(2) and (3), 39(a)(4), 53, 53a, or 56(c) of the UCMJ, as enacted by sections 5161, 5163, 5182, 5222, 5236, 5237, and 5301 of the MJA . . . [apply] only to cases in which all specifications allege offenses committed on or after January 1, 2019.

Exec. Order No. 13,825, § 10, 83 Fed. Reg. 9889, 9890–91.[6]

---

[5] The UCMJ contains other fundamental "authority" provisions, such as Article 25(e)(2), which requires a convening authority to detail members, subject to certain criteria. Just as a military judge is only authorized to decide findings if an accused so requests, a panel member is only authorized to serve if a convening authority so directs.

[6] Our superior court previously held "Exec. Order No. 13,825 was a valid exercise of the President's rulemaking authority." *United States v. Brubaker-Escobar*, 81 M.J,

(continued . . .)

All court-martial proceedings in this case occurred after 1 January 2019. Appellant points out that the Exec. Order 13,825 does not specifically include Article 25(d)(1) in this list of amendments and enabling legislation. Therefore, according to appellant, that provision is covered by the President's "designat[ing] 1 January 2019 as the effective date of MJA 16, except as provided by [EO] 13,825." (Appellant's brief, 5–6)[7]

Appellant's position gives insufficient weight to the text of Article 53, as amended, which is effective "only [in] cases in which all specifications allege offenses committed on or after January 1, 2019." Exec. Order 13,825, Section 10. Article 53(b)(1)(A) provides a military judge alone as the default sentencing forum for *both* members or judge alone trials; and, Article 53(b)(1)(B) provides an accused may, in a members trial, elect sentencing by members. Together these provisions account for the three types of general courts-martial. And, Article 53(b)(1)(B) incorporates Article 25 by reference, as it gives a more detailed description of the timing and method for an accused to request sentencing by members.[8]

Reading the UCMJ, MJA 16, and Exec. Order 13,825 in harmony with one another, we conclude the military judge did not err in his advice to appellant, for the newly-established court-martial type is available only in cases where all offenses

---

(. . . continued)
471, 473 (C.A.A.F. 2021); *See* Article 36, UCMJ ("Pretrial, trial, and post-trial procedures . . . for cases arising under this chapter triable in courts-martial . . . may be prescribed by the President by regulations . . . ."). Expounding further, "[i]n [MJA 16], Congress gave the President the authority to designate the effective date of its provisions, as well as the duty to 'prescribe in regulations whether, and to what extent, the amendments made by this [act] shall apply to a case in which *a specification alleges the commission, before the effective date of such amendments, of one or more offenses* or to a case in which one or more actions under [the UCMJ] have been taken before the effective date of such amendments.'" *Id.* at 474 (quoting MJA § 5542(c)(1), 130 Stat. at 2967, *as amended by* NDAA 2018 § 531(n)(1), 131 Stat. at 1387) (emphasis in original).

[7] Executive Order 13,825 does generally state: "[E]xcept as otherwise provided by the MJA or this order, the MJA shall take effect on January 1, 2019." Exec. Order 13,825, § 3(a).

[8] "[T]he accused. . . may, after findings are announced and before any matter is presented in the sentencing phase, request, orally on the record or in writing, sentencing by members." Article 25(d)(1), UCMJ.

allegedly occurred after 1 January 2019 or where "at least one [offense] was committed before 1 January 2019 and at least one [offense] was committed on or after 1 January 2019."[9] Rule for Courts-Martial [R.C.M.] 902A(a). Cf. *United States v. Kelly,* 77 M.J. 404, 406-07 (C.A.A.F. 2018) (holding that when reviewing two statutes that at first blush appear to conflict, appellate courts should "seek[] to harmonize independent provisions of a statute."); *United States v. Bartlett,* 66 M.J. 426, 428 (C.A.A.F. 2008) (holding that "statutes covering the same subject matter should be construed to harmonize them if possible").

### B. Legal & Factual Sufficiency.

Questions of legal sufficiency are reviewed de novo. *United States v. Rosario,* 76 M.J. 114, 117 (C.A.A.F. 2017). The standard for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys,* 57 M.J. 83, 94 (C.A.A.F. 2002) (citing *United States v. Turner,* 25 M.J. 324 (C.M.A. 1987)) (citation omitted). In resolving questions of legal sufficiency, the court is "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner,* 56 M.J. 131, 134 (C.A.A.F. 2001) (citation omitted).

This court reviews questions of factual sufficiency de novo. *United States v. Washington,* 57 M.J. 394, 399. The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of the service court are themselves convinced of appellant's guilt beyond a reasonable doubt." *Rosario,* 76 M.J. at 117. This court applies "neither a presumption of innocence nor a presumption of guilt" but "must make its own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington,* 57 M.J. at 399.

Though the government alleged appellant struck his spouse on specified parts of her body, and with specified parts of his, the evidence at trial was silent on these two points.

Specification 3 of the Assault and Battery charge alleged appellant "push[ed] [victim] in the torso with his hands and slap[ped] [victim] on the face with his

---

[9] We note that the Military Judges' Benchbook correctly incorporates these recent changes to forum rights advice. *See* Dept' of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 2-1-3 (29 Feb. 2020).

hand." Of this specification, though, the evidence established only that appellant "smacked" [victim] on the date in question.

Directing the parties' attention to the shortfall in proof, we ordered them to brief whether the associated finding of guilty was legally and factually sufficient. In reply, they agree that it was not, for the evidence did not establish *where* appellant unlawfully touched his spouse's body, or the means he used to do so.

Accordingly, we shall set aside the legally and factually insufficient specification. Having considered the entire record, we conclude we are able to reassess the sentence and do so in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013). We grant one month of sentence relief.

## C. Post-Trial Delay

The military judge adjudged appellant's sentence and adjourned the court-martial on 13 November 2020. On 19 July 2021, 248 days later, we received the three-volume record and docketed the case.

We consider de novo whether the post-trial delay violated appellant's due process rights, and whether his sentence was appropriate. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006); *United States v. Roach*, 66 M.J. 410, 413 (C.A.A.F. 2008). Post-trial delay is presumptively unreasonable "when more than 150 days elapse between final adjournment and docketing with this court." *United States v. Brown*, 81 M.J. 507, 510 (Army Ct. Crim. App. 2021).

When there is a presumptively unreasonable delay, we conduct a due process review by analyzing the four factors set out in *Barker v. Wingo*, 407 U.S. 514 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citations omitted). No one factor is dispositive. *Id*. at 136 (citing *Barker*, 407 U.S. at 533).

Absent a due process violation, we still have authority under Article 66, UCMJ, to grant relief when "appropriate under the circumstances." *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) (citing *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)). Appellant also correctly notes MJA 16's addition of Article 66(d)(2):

> In any case before the Court of Criminal Appeals under
> subsection (b), the Court may provide appropriate relief if
> the accused demonstrates error or excessive delay in the

7

processing of the court-martial after the judgment was entered into the record[.][10]

Appellee urges us to overrule *Brown*, arguing it was "incorrectly decided" in light of MJA 16. (Appellee's Br. 18). Appellee goes even further, asserting that "*Moreno* timelines are inapplicable after MJA 16." (Appellee's Br. 20).[11] While we recognize potential tension between Congress's legislative activity and our superior court's precedential development of this important issue, we lack authority to decide whether *Moreno* remains good law. And, because MJA 16 continues to vest us with sufficient authority under Article 66 to remedy the post-trial delay in this particular case, we leave for another day a better-suited opportunity to assess *Brown*'s viability.

Now turning to the reasons for the delay, the government writes, "the delay was reasonable because 180 days of delay were caused by COVID-19 related illness suffered by both parties." (Appellee's Br. 23). It is not that simple.

The government rests its position on the one entry in the remarks section of the Chronology Sheet: "Delay in courts-martial due to illness parties both government and defense for COVID-19 March 20 to September 20." The remark is unhelpful. If the government is referring to the *year* 2020, the remark is irrelevant to any post-trial delay, because appellant was sentenced in November 2020. If, instead, the remark refers to the 20th of March 2021 and the 20th of September 2021, it only sows additional confusion, for multiple post-trial actions *did occur* in that period.[12]

Where the post-trial delay is presumptively unreasonable in a case with such a brief record, and where the government offers no reasonable explanation, we shall not tolerate the resultant strain on our military justice system's credibility. Using

---

[10] 192 days elapsed between entry of judgment and docketing with this court.

[11] We said nearly as much in *Brown*. *See* 81 M.J. at 510 ("[MJA 16] . . . made a stringent application of *Moreno*'s phase I and II presumptions impossible in part because convening authorities are no longer required to take action. . . . [H]ow then is a CCA supposed to apply . . . [these] presumptions, both of which refer to the procedural relic of convening authority action?").

[12] The record was certified on 30 June 2021. The transcript was certified on 1 July 2021. And, the record was forwarded to this court on 8 July 2021.

our sentencing appropriateness review authority, we shall grant one month of sentence relief.

## CONCLUSION

With the exception of Specification 3 of Charge II, the findings of guilty are affirmed. The finding of guilty of Specification 3 of Charge II is set aside, and that specification is dismissed. Given our grant of one month of sentence relief in setting aside Specification 3 of Charge II and an additional one month of sentence relief for the unreasonable post-trial delay, only so much of the sentence as provides for two years and ten months of confinement, reduction to E-1, and a dishonorable discharge is affirmed. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge BROOKHART and Judge ARGUELLES concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court